UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00038-FDW-DSC

| | | |
|---|---|---|
| TOYE W. ALLEN and ARNOLD TYLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| BROCK AND SCOTT, PLLC, ATTORNEYS FOR TRUSTEE SERVICES OF CAROLINA, LLC, AS SUBSTITUTE TRUSTEE ON BEHALF OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-KS11, C/O OCWEN LOAN SERVICING LLC, ROGERS, TOWNSEND & THOMAS, PC, SUBSTITUTE TRUSTEE, FINANCE AMERICA, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court pursuant to a Motion to Dismiss filed by U.S. Bank, N.A. as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-KS11 ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen"). The motion seeks to dismiss Plaintiff's Toye W. Allen and Arnold Tyler's (collectively, "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(5), and 12(b)(6). Following receipt of a notice regarding their burden to respond (Doc. No. 14), Plaintiffs' filed a response. For the reasons stated herein, Defendants' Motion to Dismiss (Doc. No. 9) is GRANTED IN PART and DENIED IN PART AS MOOT. Additionally, even though the Defendant Brock & Scott, PLLC, Defendant Trustee Services of Caroline, LLC,

Defendant Residential Asset Securities Corporation, Defendant Rogers Townsend & Thomas, and Defendant Finance America, LLC did not file a motion to dismiss, the Court finds *sua sponte* that it lacks subject matter jurisdiction on Plaintiffs' claims raised against the foregoing Defendants, as well.

## BACKGROUND

On September 7, 2005, Plaintiff Toye W. Allen executed a promissory note to Finance America, LLC in the amount of $106,200.00, secured by a deed of trust on the real property located at 6401 Ivory Palm Drive, Charlotte, North Carolina (the "Property"). (Doc. No. 10 at 3). The Deed of Trust was recorded in Mecklenburg County land records and lists Mortgage Electronic Systems, Inc. ("MERS") as nominee for Finance America and its successors and assigns. Id.

Plaintiff Allen transferred the Property to Plaintiff Arnold Tyler via a General Warranty Deed, recorded on July 14, 2010. Id. On October 12, 2012, an Assignment of Deed of Trust was recorded in which MERS assigned and transferred the Deed of Trust to U.S. Bank National Association as Trustee for RASC 2005-KS11. Id. Ocwen services the loan on behalf of U.S. Bank. (Doc. No. 10). Plaintiff Allen defaulted under the Note, and on October 29, 2014, the Clerk of Superior Court entered an Order to Allow Foreclosure Sale. Id.

Plaintiffs filed their Complaint on January 22, 2015, alleging that all Defendants are attempting to sell the Property without lawful claim to it and "with a bifurcation of the mortgage note and the deed of trust" that has created a "fatal flaw in the title." (Doc. No. 10 at 4).

The Complaint brings the following claims: (1) violations of RESPA, 12 § 2605(e)(1)(B)(e) and Reg. X § 3500.21 (f)(2); (2) violations of TILA 15 U.S.C. § 1601, et seq.; (3) verification of assigns; (4) violations of FDCPA, 15 U.S.C. § 1692, et al.; (5) quiet title; and

(6) violation of HOEPA §§ 1602(aa), 1639, and 1641(d)(1). (Doc. No. 1). Plaintiffs seek monetary damages and an order quieting title to the Property in their favor and invalidating the debt. Id.

## STANDARD OF REVIEW

In reviewing U.S. Bank and Ocwen's Motion, the Court must first determine whether or not it has jurisdiction to hear the case. The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). When a defendant challenges subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999).

## ANALYSIS

U.S. Bank and Ocwen argue that this Court lacks subject matter jurisdiction to hear Plaintiffs' claims under the Rooker-Feldman doctrine, and they also argue Plaintiffs failed to properly serve the Summons and Complaint. Further, U.S. Bank and Ocwen contend that collateral estoppel bars Plaintiffs' claims for verification of assigns and quiet title. In the alternative, these Defendants argue that Plaintiffs fail to state a claim for violation of any federal statute. Because subject matter jurisdiction is a threshold matter, the Court addresses that

argument first.

## SUBJECT MATTER JURISDICTION

Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. See 28 U.S.C. § 1257(a).

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). North Carolina law specifically states that the Clerk's order authorizing the sale of foreclosed property is a judicial act. N.C. Gen. Stat. § 45-21.16(d1). In context of a state foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996); see also SunTrust Mortg., Inc. v. Pippin, No. 5:10-cv-1, 2012 WL 5023109, at *4 (W.D.N.C. Oct. 16, 2012).

Not only do federal courts lack subject matter jurisdiction over claims actually decided in state foreclosure proceedings, they also lack subject matter jurisdiction over any matter inextricably intertwined with the state foreclosure proceeding. The Rooker-Feldman doctrine bar, "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." Brumbly v. Seutshe

Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010) (Dixon, Mag. J.) (citing Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)), adopted by Brumby, Jr. v. Deutsche Bank Nat. Trust Co., 1:09-cv-144, 2010 WL 3219353 (M.D.N.C. Aug 13, 2010).

A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state. See Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) (finding Rooker-Feldman did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution).

While Plaintiffs do not directly appeal the Clerk's decision here, this Court would still be required to effectively invalidate the judicial findings made in the state court foreclosure action in order to grant any damages under RESPA, TILA, HOEPA, or the FDCPA. Plaintiffs' claims, therefore, are "inextricably intertwined" with the state court's decision because it is evident from the Complaint that Plaintiffs are challenging all of the Defendants' ability to foreclose. Plaintiffs' Complaint states that Plaintiffs' lawsuit against Defendants' "arises out of . . . the special proceedings of real property in the original amount of $106,200.00 with no legal right to do so." (Doc. No. 1 at 3). Furthermore, Plaintiffs state the nature of their case arises from Defendants' attempt to sell the Property without having lawful claim to it, for not having a valid debt, and for wrongful foreclosure. Id. However, the Clerk of Superior Court found the "debt is valid, the note is now in default and gives noteholder the right to foreclose under power of sale." (Doc. 10-5). Plaintiffs seek a judgment that would find the Clerk of Superior Court's Order erroneously entered

and is therefore inextricably intertwined with the state court's decision and unreviewable under the Rooker-Feldman doctrine. This is especially so since under the governing statute, Plaintiffs had the opportunity to appeal the foreclosure order in state court and failed to do so. Thus, this Court lacks subject matter jurisdiction over Plaintiffs' request. The Court need not address U.S. Bank and Ocwen's arguments with respect to the other basis to dismiss as this Court has determined that it is without jurisdiction over this case pursuant to the Rooker-Feldman doctrine.

## DISMISSAL OF ALL REMAINING DEFENDANTS

Not only are the claims against U.S. Bank and Ocwen barred by the Rooker-Feldman doctrine, but Rooker-Feldman also bars those claims levied against Defendant Brock & Scott, PLLC, Defendant Trustee Services of Caroline, LLC, Defendant Residential Asset Securities Corporation, Defendant Rogers Townsend & Thomas, and Defendant Finance America, LLC. Even though the foregoing Defendants did not move to dismiss for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte.*" Unitrin Auto and Home Insurance Co. v. Bastida, No. 3:09-cr-00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing Contrick v. Ryan, 540 U.S. 443, 455 (2004)).

Since granting any of the damages sought would require the Court to effectively invalidate the Clerk's decision in the state foreclosure proceeding, the Court finds that its lack of subject matter jurisdiction extends not only to those claims brought against the U.S. Bank and Ocwen but also to all those claims brought against the remaining Defendants.

IT IS THEREFORE ORDERED the U.S. Bank, N.A. as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series

2005-KS11 and Ocwen Loan Servicing, LLC Defendants' Motion to Dismiss, (Doc. No. 9), is

GRANTED IN PART and DENIED IN PART AS MOOT.  Thus, all of Plaintiffs' claims are

hereby DISMISSED WITH PREJUDICE.  As no claim remains, the Complaint, (Doc. No. 1),

itself is similarly DISMISSED WITH PREJUDICE, and the Clerk of Court is respectfully directed

to CLOSE THE CASE.

     IT IS SO ORDERED.

Signed: April 30, 2015

Frank D. Whitney
Chief United States District Judge